UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEOSHAMOND NORMAN (#407759)

VERSUS                                          CIVIL ACTION

CORNEL HUBERT, ET AL                            NUMBER 07-765-FJP-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 9, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


THEOSHAMOND NORMAN (#407759)

VERSUS                                         CIVIL ACTION

CORNEL HUBERT, ET AL                           NUMBER 07-765-FJP-SCR


MAGISTRATE JUDGE'S REPORT

Before the court is the petition of petitioner Theoshamond Norman for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled nolo contendere to one count forcible rape and one count armed robbery in the Twentieth Judicial District Court for the Parish of East Feliciana on February 1, 1999. Petitioner was sentenced on February 5, 1999, to an agreed term of 30 years imprisonment at hard labor without benefit of probation, parole or suspension of sentence on the armed robbery conviction and to a 30 year term of imprisonment at hard labor on the forcible rape conviction, the sentences to be served consecutively. Petitioner did not appeal his convictions and sentences.

Petitioner filed an application for post-conviction relief on October 11, 1999. The trial court denied relief on December 7, 1999. Petitioner sought review by the First Circuit Court of Appeal. The appellate court denied review. *State of Louisiana ex rel. Theoshamond Norman v. State of Louisiana*, 2000-0139 (La. App.

1

1st Cir. 3/23/00)(unpublished decision).  Petitioner did not seek review by the Louisiana Supreme Court.

Petitioner filed a second application for post-conviction relief on March 29, 2005.  The trial court denied relief on May 3, 2005, specifically relying on La.C.Cr.P. art. 930.8.

Petitioner filed a Motion to Correct an Illegal Sentence/Motion for Concurrent Sentence on April 16, 2007.  The trial court denied relief April 27, 2007.

Petitioner conceded that he did not seek review by the Louisiana Supreme Court on any of his post-conviction applications.[1]

Petitioner filed his federal petition for habeas corpus relief on October 22, 2007.

No evidentiary hearing is required.  Petitioner's federal habeas corpus petition is untimely.

Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an petition for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

---

[1] Record document number 15.

2

The time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d)(2).  A properly filed application is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998).  A state application is pending during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on March 3, 1999.[2]  Between March 23, 2000, the date the First Circuit Court of Appeal denied review of the petitioner's first application for post-conviction relief, and March 29, 2005, the date the petitioner filed his second application for post-conviction relief, more than one year of the limitations period elapsed.  Excluding the time while state post conviction or other collateral review was pending

---

[2] For the purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  An appeal must be made no later than 30 days after the rendition of judgment or ruling from which the appeal is taken.  LSA-C.Cr.P. art. 914.

3

in state court, more than one year passed from the effective date of the AEDPA until the date the petitioner filed his federal habeas corpus petition.  Petitioner's federal habeas corpus petition was not timely filed.[3]

After filing a rebuttal to the State's opposition to his petition for writ of habeas corpus, the petitioner filed a motion to withdraw his petition without prejudice.[4]  Petitioner conceded that he did not exhaust available state court remedies and sought to withdraw his habeas corpus petition so he could return to state court to exhaust available state court remedies.

Petitioner's federal habeas corpus petition is untimely.  Any petition filed later would also be untimely, even if state court remedies have been exhausted.  Petitioner's motion to withdraw should be denied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petition of Theoshamond Norman for a writ of habeas corpus be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).  It is further recommended that the petitioner's motion to

---

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

[4] Record document number 16.

4

withdraw be denied.

Baton Rouge, Louisiana, January 9, 2008.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5